# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                   Plaintiff,<br>vs.<br>ANDRES CHAVEZ-CHAVEZ (1),<br>DAVID CHAVEZ-CHAVEZ (2),<br>JOEL CHAVEZ-CHAVEZ (3),<br>PATRICIA MENDEZ-LOPEZ (4),<br>OMAR ESTRADA-ESQUIVEL (5),<br>MIGUEL SANDOVAL-VALENCIA (6),<br>LUIS SANDOVAL-VALENCIA (7),<br>CARLOS PEREZ (8),<br>RICARDO MADRIGAL (9),<br>ISMAEL PENA (10),<br>TERESA HERMOSILLO (11),<br>RUBY ARELLANO (12),<br>ROSA ARELLANO (13),<br>RUBEN HERNANDEZ-ROMERO (14),<br>SALVADOR OJEDA-AMARILLAS (15),<br>GERARDO CASANOVA (16),<br>JOAQUIN BUCIO-RODRIGUEZ (17),<br>SALVADOR CHAVEZ-CHAVEZ (18),<br>JULIO LUA-CHAVEZ (19),<br><br>                                   Defendants. | CASE NO. 07CR1408 WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the period of excludable delay pursuant to Section 3161(h) of the Speedy Trial Act.

On August 31, 2007, this Court granted Plaintiff's motion (#128) pursuant to 18 U.S.C. § 3161(h)(8) for an extension of the seventy day statutory maximum trial date on the grounds that discovery is voluminous, including approximately ten months of court-authorized wiretaps

on numerous telephones and approximately 18 search warrants. Plaintiff explained that it had reproduced approximately ten CDs containing thousands of hours of intercepted calls and approximately eight CDs containing hundreds of photographs; that the intercepted conversations were primarily in the Spanish language and many of the parties used coded language to describe drug-related transactions; and that discovery included approximately 75,000 pages of line sheets, 175 investigative reports, 55 drug exhibits and over 200 non-drug exhibits. Pursuant to the request of the Plaintiff, the Court made a finding of complexity and exclude the period of time between June 1, 2007 and December 7, 2007 in order to allow the defense counsel an opportunity to review and organize the voluminous discovery, to conduct the required extensive investigation, and to effectively prepare pretrial motions.

On December 7, 2007, this Court held a status hearing with all parties and all counsel present. All parties agreed that discovery continued to proceed expeditiously and that an additional period of time was required to review the discovery prior to setting any dates for motions and trial.

## APPLICABLE LAW

18 U.S.C. Section 3161(h)(8)(A) provides that the Court may exclude any period of delay resulting from a continuance at the request of either party "if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Factors which a judge shall consider in determining whether to grant a continuance under subparagraph (A) include "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established . . . ." Section 3161(h)(8)(B)(ii). "[N]o continuance period may be excluded unless the court makes reasonably explicit findings that demonstrate that the ends of justice served by granting the continuance do, in fact, outweigh the best interests of the public and the defendant in a speedy trial." *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983). The findings of the Court must be set forth with particularity. *Id.*

**RULING OF THE COURT**

Counsel for Defendants have adequately set forth facts and circumstances which support the request for further time to review discovery prior to setting dates for motions and trial. Discovery is proceeding expeditiously. The facts presented demonstrate that the ends of justice are served by granting a reasonable period of excludable delay to allow the extensive discovery to be evaluated by defense counsel. The Court has set a further discovery status hearing on February 1, 2008. The Court finds that the period of time between December 7, 2007 and February 1, 2008 should be excluded from the Speedy Trial clock in order to allow counsel for Defendants to adequate time to evaluate the government's evidence and to assess the amount of time required in order to prepare pretrial motions. The Court finds that it is not in the best interest of the public or the defendants to require that the defendants proceed to trial without adequate time for defense counsel to evaluate the government's evidence.

IT IS HEREBY ORDERED that a period of excludable delay from December 7, 2007 to February 1, 2008 is allowed pursuant to 18 U.S.C. § 3161(h)(8). A further hearing is scheduled in this matter for Friday, February 1, 2008 at 1p.m.

DATED: December 11, 2007

_William Q. Hayes_
**WILLIAM Q. HAYES**
United States District Judge